UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK THIBODEAU, | No.  2:13-cv-1117-EFB P |
| Petitioner, | |
| v. | ORDER DISMISSING HABEAS PETITION |
| RICK HILL, Warden, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  He seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

Petitioner asserts that he has been improperly classified in prison with a "P" code, also known as arson status, based on possession of explosive device charges that were ultimately dismissed.  He claims that this improper designation violates his due process rights and prevents him from getting a job in prison.

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

2    petition if it plainly appears from the petition and any attached exhibits that the petitioner is not

3    entitled to relief.  *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly

4    allows a district court to dismiss summarily the petition on the merits when no claim for relief is

5    stated").  Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section

6    2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus on its own

7    motion under Rule 4.  However, the court should not dismiss a petition without leave to amend

8    unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v.*

9    *Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

10    In order to state a due process claim, petitioner must show that a constitutionally protected

11    liberty interest is implicated.  *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 844 (9th

12    Cir. 1985).  A state may create a constitutionally protected liberty interest if it establishes

13    regulatory measures that impose substantive limitations on the exercise of official discretion.

14    *Hewitt v. Helms*, 459 U.S. 460, 470-71 (1983*), overruled in part by Sandin v. Conner*, 515 U.S.

15    472, 484 (1995).

16    A state prisoner does not have a liberty interest in a classification status under the

17    Fourteenth Amendment.  *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987); *see*

18    *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by federal

19    prisoner classification and eligibility for rehabilitative programs, even where inmate suffers

20    "grievous loss").  In addition, there is no protected liberty interest in obtaining or maintaining

21    work while incarcerated. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (Due Process

22    Clause "does not create a property or liberty interest in prison employment").

23    Thus, any protected liberty interest in petitioner's prison classification or employment

24    must arise from state law.  *See Sandin*, 515 U.S. at 484 (liberty interests arising out of prison

25    regulations are generally limited to freedom from restraint that "imposes atypical and significant

26    hardship . . . in relation to the ordinary incidents of prison life").  Here, the State of California has

27    affirmatively rejected creating a protected liberty or property interest in work classifications or

28    prison employment.  Cal. Const. art. XIV § 5(c) (stating that "[n]othing in this section [regarding

2

1   contracts for inmate labor] shall be interpreted as creating a right of inmates to work"); *see also*

2   Cal. Pen. Code § 2933 ("[w]orktime credit is a privilege, not a right").  Moreover, California has

3   not created a protected liberty interest in an inmate's custody classification.  *See Myron v.*

4   *Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); *cf. Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir.

5   1997) (regarding inmates classified as sex offenders).

6       Because petitioner has no constitutionally protected liberty interest in a particular

7   classification status or in prison employment, his claims of being deprived of those interests

8   cannot form a basis for habeas corpus relief.  *See* 28 U.S.C. § 2254 (habeas corpus available for

9   violations of the Constitution or federal law.)

10      Accordingly, IT IS HEREBY ORDERED that:

11      1.  Petitioner's application for leave to proceed in forma pauperis is granted;

12      2.  The petition is dismissed without leave to amend;

13      3.  The Clerk is directed to close the case; and

14      4.  The court declines to issue a certificate of appealability.

15  Dated:  October 15, 2013.

16

17                                EDMUND F. BRENNAN
                                  UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

                                          3